Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email: drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COBBLER NEVADA, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **SANTOS A. CERRITOS, Jr.,** <br><br> Defendant. | Case No.: 3:15-cv-01228-ST <br><br> FIRST AMENDED COMPLAINT <br><br> COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Cobbler Nevada, LLC ("Cobbler Nevada"), complains and alleges as follows:

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under 17 U.S.C. §§ 101 et seq. ("The Copyright Act").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to reside in this district.

## PARTIES

### PLAINTIFF

4.     Plaintiff Cobbler Nevada is a Limited Liability Company with principal offices in Los Angeles, California.

### The Rights of Cobbler Nevada

5.     *The Cobbler* is a major motion picture that was released in theaters in March 2015.

6.     *The Cobbler* has been registered with the United States Copyright Office by the owner, Cobbler Nevada, Registration No. PAu 3-744-688, 2014.

7.     Under The Copyright Act, Cobbler Nevada is the proprietor of all copyrights and interests needed to bring suit.

8.     The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

9.     The motion picture is currently offered for sale in commerce.

10.     Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

11.     Cobbler Nevada comes to court seeking relief as the motion picture *The Cobbler* is the subject of significant piracy and has been illegally downloaded and distributed countless times worldwide with over 10,000 confirmed instances of infringing activity traced to Oregon.

///

///

## THE DEFENDANT

12. The defendant originally identified as DOE-73.37.70.123 after investigation has been confirmed to be Santos A. Cerritos, Jr, of Gresham, Oregon.

13. The defendant's IP address has been observed and confirmed as distributing plaintiff's motion picture multiple times.

14. The defendant's IP address has been observed associated with the peer-to-peer exchange of over 100 other titles through the BitTorrent network indicating the defendant is a persistent and willful copyright infringer.

## BACKGROUND

### PEER-TO-PEER INTERNET PIRACY

15. Digital piracy, including BitTorrent piracy, costs the entertainment industry over $70 billion per year.

16. As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines.  In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal.  But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing.  It hurts artists, the music industry, the movie industry, and others involved in creative work.  And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

17. In 2013, in recognition of the growing problems and challenges with counterfeiting and piracy, The Oregon House of Representatives passed House Memorial 2, which made the following findings:

>Whereas the United States and other nations share the challenge of combating intellectual piracy and the counterfeiting of intellectual property such as … films… and technologies that affect the quality of life; and
>
>Whereas intellectual piracy and counterfeiting have a significant impact on Oregon's economy, and the economies of other states and of nations around the world, which results in job and earnings losses, reduced tax revenues and increased threats to public health and safety; and
>
>…
>
>Whereas protecting and enforcing intellectual property rights is crucial to the future of our innovation-based economy; and
>
>Whereas industries that use intellectual property extensively generate nearly $7.7 trillion in gross output and account for more than 60 percent of total exports from our nation; and
>
>Whereas industries that use intellectual property extensively … employ more than 19 million Americans, whose salaries average about 60 percent higher than salaries in industries that do not make extensive use of intellectual property; and
>
>Whereas intellectual property infringement can undermine the nation's economic security; and
>
>Whereas violations of intellectual property rights, ambiguities in the law and a lack of enforcement create uncertainty in the marketplace and in the legal system and undermine consumer trust; and
>
>Whereas intellectual property, including trademarks, [are] essential …; and
>
>…
>
>Whereas failing to adequately protect and enforce intellectual property rights will increase counterfeiting and illicit trade;
>
>…

18. As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to the both the United States of America and the State of Oregon.

19. Internet piracy, and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

20. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and

networks. To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

21. Defendant's participation in the BitTorrent exchange of plaintiff's motion picture is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

22. Many parties, and possibly defendant have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including plaintiff's movie.

23. The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

24. Based on activity observed associated with defendant's IP address, defendant is a prolific proponent of the BitTorrent distribution system advancing the BitTorrent economy of piracy.

FIRST CLAIM FOR RELIEF

COPYRIGHT INFRINGEMENT

25. Defendant, without the permission or consent of Cobbler Nevada, copied and distributed plaintiff's motion picture on multiple occasions through a public BitTorrent network.

26. Defendant's actions infringed Cobbler Nevada's exclusive rights under The Copyright Act.

27. Defendant's conduct has been willful, intentional, in disregard of and indifferent to Cobbler Nevada's rights with the intent to cause plaintiff harm in depriving plaintiff of its rights in its motion picture.

28.     As a direct and proximate result of defendant's conduct, Cobbler Nevada's exclusive rights under 17 U.S.C. § 106 have been violated.

29.     Cobbler Nevada is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

30.     The conduct of the defendant is causing and unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

31.     Pursuant to 17 U.S.C. §§ 502 and 503, Cobbler Nevada is entitled to injunctive relief prohibiting the defendant from further contributing to the infringement of Cobbler Nevada's copyrights and ordering that defendant destroy all copies of the motion picture made in violation of Cobbler Nevada's rights and refrain from the distribution of copyrighted content without a license.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A.     For entry of a permanent injunction enjoining defendant from directly, indirectly or contributorily infringing plaintiff's rights, including without limitation by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture;

B.     For entry of a permanent injunction enjoining defendant from participating in the BitTorrent exchange of unlicensed copyrighted content;

C.     Statutory damages pursuant to 17 U.S.C. § 504.

     D.     For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

     E.     For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: November 24, 2015

                                   Respectfully submitted,

                                   CROWELL LAW

                                   */s/ Carl D. Crowell*
                                   Carl D. Crowell, OSB No. 982049
                                   carl@crowell-law.com
                                   Drew P. Taylor, OSB No. 135974
                                   drew@crowell-law.com
                                   503-581-1240
                                   Of attorneys for the plaintiff